IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-30293

---

ERIC JONES

        Plaintiff-Appellant,

versus

AMERICAN AIRLINES, INC.

        Defendant-Appellee.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(94-CV-763-G)

---

October 10, 1996

Before GARWOOD, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

American Airlines hired Eric Jones as a 180-day probationary fleet service clerk in its New Orleans division. Three other probationary fleet service clerks joined American at the same time. Jones is African-American, the other three probationary clerks were white. Jones's ultimate supervisor, Jerry Arnold (also an African-American), fired Jones two weeks before the 180-day period elapsed. American hired the other three white probationary fleet service clerks. Since then, American's New Orleans operation has hired

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

only one other probationary service clerk.  That clerk was also African-American.

Jones sued for discrimination under Title VII.  The district court granted summary judgment for the defendant, reasoning that a Title VII plaintiff must show more than mere pretext of one of an employer's stated nondiscriminatory reasons for firing the plaintiff to establish discrimination and avoid summary judgment. The plaintiff now claims that our recent *Rhodes* decision allows him to overcome summary judgment with the evidence he has presented to the court.  *See Rhodes v. Guiberson Oil Tools*, 75 F.3d 989 (5th Cir. 1996) (en banc).  Because we find that plaintiff has presented inadequate evidence of discrimination, we affirm.

Jones lacks evidence of differential treatment between himself and a similarly situated white employee.  The non-probationary employees to whom Jones points were not similarly situated because they were protected by collective bargaining agreements, they had different supervisors, and they had different employment records. Jones was not replaced by a white employee, and indeed was supervised and terminated by an African-American supervisor. Moreover, both sides tendered summary judgment evidence of differences in job performance between Jones and his "classmates" in the probationary group, particularly relating to fighting and abusive conduct.  At most, Jones has raised a question of fact as

to whether one of Jerry Arnold's memoranda accurately reflects a complaint lodged against him.

An employment discrimination plaintiff may reach the jury, and "can avoid summary judgment and judgment as a matter of law if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [discrimination] was a determinative factor in the actions of which plaintiff complains." *Rhodes*, 75 F.3d at 994. While we have held that there are cases where "[a] jury may be able to infer discriminatory intent . . . from substantial evidence that the employer's proffered reasons are false," we see no such substantial evidence here. *Id.* In *Rhodes*, we found substantial evidence of discrimination from pretext evidence where the employer claimed at one time that it fired the plaintiff as a reduction in force then later claimed poor work performance; the firm did not reduce its work force; there was substantial evidence that the plaintiff was an excellent salesman; and there was evidence that the employer had replaced the plaintiff a few months later by someone outside the protected class. "By contrast, if the evidence put forth by the plaintiff to establish the *prima facie* case and to rebut the employer's reasons is not substantial, a jury cannot reasonably infer discriminatory intent." *Id.* Jones lacks such substantial evidence. Because Jones can not show he was treated differently

3

than any other *similarly situated* white employee, and because he lacks substantial pretext evidence sufficient from which one might infer discrimination, he cannot avoid summary judgment under *Rhodes*.

AFFIRMED.